**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02141-REB-MJW

MOLYCORP MINERALS, LLC,

    Plaintiff,

v.

MINGUS CONSTRUCTORS, INC.,

    Defendant.

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
AND
ADMINISTRATIVELY CLOSING CASE**

**Blackburn, J.**

    The matter before me is plaintiff**'s Motion for Preliminary Injunction and Stay of Arbitration** [#14],[1] filed November 15, 2013. The matter is fully briefed, and I find that oral argument would not materially assist the court in resolving the issues presented, thus obviating the need for a hearing. Having considered the evidence, arguments, and authorities presented, I find and conclude that the motion for preliminary injunction should be denied.[2]

---

[1] "[#14]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] My resolution of the motion moots consideration of plaintiff's later-filed **Motion for Temporary Restraining Order** [#24], filed December 9, 2013, as well as defendant's **Unopposed Motion for Reconsideration of Court's Order of December 9, 2013 [23] Striking Defendant's Moving Papers [20, 21. 22], and Request for Leave To File Amended Motion and Extend Page Limitations** [#29], filed December 13, 2013.

## I. JURISDICTION

I have jurisdiction of this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

Because a preliminary injunction is an extraordinary remedy, plaintiff's right to relief must be clear and unequivocal. *See Federal Lands Legal Consortium ex rel. Robart Estate v. United States*, 195 F.3d 1190, 1194 (10th Cir. 1999). Plaintiff is entitled to a preliminary injunction only if it proves that (1) there is a substantial likelihood that it will prevail on the merits; (2) it will suffer irreparable harm unless the preliminary injunction is issued; (3) the threatened injury outweighs the harm the preliminary injunction might cause defendant; and (4) the preliminary injunction if issued will not adversely affect the public interest. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001).

## III. ANALYSIS

### A. Likelihood of Success on the Merits

To secure a preliminary injunction, plaintiff first must establish that it is likely to prevail on the merits of its substantive claims. "The determination of a motion for a preliminary injunction and a decision on the merits are different," *Valdez v. Applegate*, 616 F.2d 570, 572 (10th Cir. 1980), and thus "[it] is not necessary that plaintiff[] show positively that [it] will prevail on the merits before a preliminary injunction may be granted," *Atchison, Topeka and Santa Fe Railway. Co. v. Lennen*, 640 F.2d 255, 261 (10th Cir. 1981). Rather, plaintiff need only establish "a reasonable probability of

success, . . . not an 'overwhelming' likelihood of success[.]" *Id.*

The underlying dispute in this matter concerns a construction contract between the parties entered into in October 2011.  That contract contains an arbitration clause, which provides, in relevant part;

> (a)  Any and all disputes arising under or in connection with this Agreement where the amount in controversy is $5,000,000.00 or less that cannot be resolved between the Parties shall be finally settled by binding arbitration under the AAA [American Arbitration Association] Rules[.] . . .The decision of the arbitrators shall be final and binding[.] . . .
>
> (b)  Any and all disputes arising under or in connection with this Agreement where the amount in controversy is in excess of $5,000,000 initially shall be submitted to non-binding mediation before a single neutral mediator . . . If the dispute is not settled within thirty (30) days after the mediation, either Party may submit the dispute to the exclusive jurisdiction of the United States District Court for the State of Colorado located in Denver, Colorado . . .

(**Motion App.**, Exh. 1 ¶¶ 12(a) & (b) at 53-54.)

A dispute arose between the parties, and defendant filed a demand for mediation with the AAA, which was conducted on June 21, 2013.  During mediation, defendant represented that its damages exceeded $5,000,000.00.  When the parties failed to reach a settlement in mediation, defendant filed a demand for arbitration on July 30, 2013.  Therein, although contending that its damages were greater, defendant explicitly limited the amount of damages claimed to $5,000.000.00 in order to submit the matter to arbitration pursuant to section 12.4(a) of the contract.

Plaintiff now seeks to stay the arbitration, arguing that defendant's attempt to limit its request for damages cannot deprive it of its right to have this matter resolved in a

court of law and that, at the very least, the question of arbitrability *vel non* must be decided by the court in the first instance. I find neither proposition tenable, and therefore conclude that plaintiff is unlikely to prevail on the merits of its request to stay arbitration.

Plaintiff's argument is that, because defendant represented in mediation – and, indeed, continues to aver – that its damages exceed $5,000,000.00, it has no right to arbitration under the two-pronged approach contemplated by the contract. However, it has long been the law, by virtue of the well-pleaded complaint rule, that a plaintiff is the master of its complaint, and thus may engineer its claim – by suing only certain parties and not others, *see Lincoln Property Co. v. Roche*, 546 U.S. 81, 91, 126 S.Ct. 606, 614, 163 L.Ed.2d 415 (2005); by asserting only state law claims, *see Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 832, 122 S.Ct. 1889, 1894, 153 L.Ed.2d 13 (2002); or by pleading lesser damages than it has actually suffered in order to secure jurisdiction in a preferred forum, *see Standard Fire Insurance Co. v. Knowles*, – U.S. –, 133 S.Ct. 1345, 1350, 185 L.Ed.2d 439 (2013) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

Defendant has done no more than this here. The fact that defendant *could* claim damages in excess of $5,000,000.00 does not change the reality that, by limiting the demand, plaintiff potentially is made liable for no more than $5,000,000.00.[3] Neither the

---

[3] The history of the mediation and post-mediation promises to provide additional substantiation for its damages further suggest that defendant may have concluded that it cannot prove damages in excess of $5,000,000.00.

law nor anything in the arbitration clause requires a party to claim all its alleged damages. Plaintiff will receive all the protection it bargained for by having this matter determined in arbitration.

Likewise, the arbitration clause cannot reasonably be interpreted to irretrievably commit a party to the procedures of section 12.4(b) simply because defendant initially invoked the mediation procedures thereunder.[4]  Section 12.4(b) provides that, failing a resolution in mediation, either party "may" file a claim in the district court 30 days thereafter. (**Motion App.**, Exh. 1 ¶ 12(b) at 54.) Such permissive, discretionary language is inconsistent with plaintiff's position in this case. Moreover, and assuming *arguendo* that the contract admits of any ambiguity at all, the parties' intentions are to be "generously construed as to issues of arbitrability." **Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.**, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985). **See also Moses H. Cone Memorial Hospital v. Mercury Construction Corp.**, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) (noting that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration").

Further, I find that plaintiff is unlikely to prevail on its more limited claim – that the seminal issue of arbitrability should be decided by this court. As a general rule, when a contract is otherwise silent on the matter, the court, and not the arbitrator, determines the question of arbitrability. **Howsam v. Dean Witter Reynolds, Inc.**, 537 U.S. 79, 83,

---

[4] Plaintiff does not argue that the parties' dispute does not fall within the ambit of the arbitration clause, and – considering the breadth of the provision – I find it unlikely that such an argument would have traction in any event.

123 S.Ct. 588, 591, 154 L.Ed.2d 491 (2002) ("The question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the *question of arbitrability*, is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.") (emphasis in original; citation and internal quotation marks omitted). Here, by contrast, the contract is not silent on the matter. The arbitration provision specifically contemplates that the arbitration is to be conducted pursuant to AAA Rules. (**Motion App.**, Exh. 1 ¶ 12.4(a) at 53.)[5] Those Rules in turn specifically provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." (**Def. Resp. App.**, Bluff Decl., Exh. C, R-7(a) at 9 [#18], filed December 6, 2013.) Indeed, the AAA has confirmed that the arbitrator will make this determination in this case, as provided by the Rules. (**Motion App.**, Exh. 5.)

I thus find and conclude that plaintiff is unlikely to succeed on the merits of its claim requesting a stay of arbitration.

### B. Irreparable Injury

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." **Heideman v. South Salt Lake City**, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation and internal quotation marks omitted). Harm that is "merely serious or

---

[5] Contrary to plaintiff's argument, the contract does not make clear that AAA Rules shall apply only to the conduct of the arbitration itself, not the question of arbitrability. (*See* **Plf. Reply Br.** at 4.) Instead, the contract provides that disputes thereunder "shall be finally settled by binding arbitration under the AAA Rules." (**Def. Resp. App.**, Bluff Decl. Exh. A ¶ 12.4(a) at 53.) Nor does the contract's reservation of either party's right to bring legal action "as may be necessary to protect the rights of such Party under this Agreement" alter my conclusion. (*See id.*, Bluff Decl., Exh. A ¶ 12.4(d) at 54.) That clause cannot expand plaintiff's rights under the contract, and has been discussed more fully herein, such rights do not include the right to avoid arbitration of the present claims.

substantial" will not suffice. **Prairie Band of Potawatomi Indians**, 253 F.3d at 1250 (citation and internal quotation marks omitted). Instead, "the party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (emphasis in original; brackets, citations, and internal quotation marks omitted).

Plaintiff alleges that the loss of its right to pursue this matter in a court of law, as opposed to arbitration, constitutes irreparable injury. There is no question but that "forcing a party to arbitrate a claim that it did not agree to arbitrate constitutes per se irreparable harm." **AT&T Mobility LLC v. Smith**, 2011 WL 5924460 at *9 (E.D. Pa. Oct. 7, 2011). As discussed above, however, such is not the case here. Plaintiff *agreed* to arbitrate any claim arising under the contract for $5,000,000.00 or less. Defendant's demand does not exceed this amount. Having contractually waived its right to litigate the matter, plaintiff therefore has no interest that may be harmed irreparably by the resolution of this matter in arbitration.

### C. Balance of harm and public interest

Finally, I find that the balance of harm does not clearly favor plaintiff in this case and that the public interest is not adversely implicated by denying its motion for preliminary injunction. The same arguments plaintiff presents as establishing these elements in its favor, in fact, militate against its position.

While plaintiff will have an adequate remedy in arbitration – one to which it agreed when it executed the contract – defendant's right to arbitrate will be compromised if the injunction is granted. At best, the alleged burden to plaintiff of

wrongfully denying a stay would be felt at least as equally by defendant if the stay were granted improvidently, thus making this element a wash.  *See Wilderness Workshop v. United States Bureau of Land Management*, 531 F.3d 1220, 1231 (10th Cir. 2008); *Mid-West Conveyor Co. v. Jervis B. Webb Co.*, 1994 WL 133008 at *3 (D. Kan. March 21, 1994).  Thus, with respect to the balance of harms, plaintiff has failed to sustain its burden of proof.

Regarding the public interest, as plaintiff itself notes, "'[p]ublic policy demands enforcing contracts as written and recognizing the parties' freedom to contract.'"  (**Mot. Br.** at 9 (quoting *Sander v. Alexander Richardson Investments*, 334 F.3d 712, 721 (8th Cir. 2003).)  That interest affirmatively would be disserved by allowing plaintiff to avoid its contractual agreement to arbitrate.  Its motion therefore fails on this fourth and final element as well.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff**'s Motion for Preliminary Injunction and Stay of Arbitration** [#14], filed November 15, 2013, is **DENIED**;

2.  That plaintiff's **Motion for Temporary Restraining Order** [#24], filed December 9, 2013, is **DENIED AS MOOT**;

3.  That defendant's **Unopposed Motion for Reconsideration of Court's Order of December 9, 2013 [23] Striking Defendant's Moving Papers [20, 21. 22], and Request for Leave To File Amended Motion and Extend Page Limitations** [#29], filed December 13, 2013, is **DENIED AS MOOT**; and

4.  That pending the completion of arbitration, the clerk is **DIRECTED** to close this case administratively under D.C.COLO.LCivR 41.2.

Dated December 17, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge